[Civ. No. 7066. First Appellate District, Division Two.—January 2, 1930.]

WILLIAM JONES, Respondent, v. CHRISTIAN· O. BARION, Appellant.

Courtney L. Moore for Appellant.

Ford, Johnson & Bourquin and Ford & Johnson for Respondent.

KOFORD, P. J.—Plaintiff obtained a verdict and judgment for damages for personal injuries sustained by being

struck by defendant's automobile. Defendant appeals. He attacks the sufficiency of the evidence and complains of the giving of one instruction.

The evidence shows that the respondent after dark walked westerly from Second toward Third Street upon the north sidewalk of Folsom Street in San Francisco. At the northeast corner of Third and Folsom Streets a building was under course of construction. Building material obstructed the sidewalk and also a part of Folsom Street almost out to the nearest of the street-car tracks. This obstruction extended toward Second Street from Third Street a distance of from 75 to 125 feet. When respondent arrived at this obstruction, he turned out into the street and continued as if to cross the south side of Folsom Street. When he was a few feet beyond the middle of the street (according to his version) he was knocked unconscious by the appellant's automobile. He had heard and seen nothing of appellant's automobile before that, although he said he had looked in both directions before entering and while crossing the street. Appellant testified that he was proceeding at a moderate speed astride the northern or his most right-hand street-car rail and saw nothing of the appellant except the flash of a shadow before the impact. He testified:

"Q. What was the condition of the weather on that night? A. Well, my machine was on the outside of the boat (he had shortly before crossed the bay on the ferry boat from Oakland) and the windshield was hazy. I had a hand wiper, I could only see, I should judge, about a few feet, just from the wiper. The right-hand side of the wiper was all hazy and the bottom of the windshield was hazy. Q. What was the condition of the weather in San Francisco? A. It was like a high fog, when you drove you would pick up a little moisture on the windshield."

Appellant also testified that his lights were lit; that his automobile had already passed the first part of the obstruction and had reached a point about 40 feet from Third Street before the right-hand part of the front of his automobile struck respondent. Both appellant and respondent testified to the effect that the atmospheric visibility was good.

Under the evidence outlined the jury would have been warranted in finding the appellant negligent for the condition of his windshield and his failure to see respondent or for his having swung out too far to his left. We should add here that a police officer corroborated the respondent as to the place of the impact by locating the place in the street where respondent lay unconscious.

Contributory negligence under the evidence was a question of fact for the jury. According to respondent's testimony, he exercised a great deal of care before entering and while in the street. No witness was able to contradict him for no one saw him. Appellant argues that respondent either looked negligently or negligently failed to look for automobiles and therefore urges this court to hold that respondent was guilty of contributory negligence as a matter of law. The facts of this case are not clear enough for that. We cannot say as a matter of law that respondent was negligent in not seeing appellant's automobile approach and in failing to avoid it. The rights of the pedestrian and the motorist are reciprocal. To apply the principle contended for to the usual automobile-pedestrian case, such as this is, would have the effect of subordinating the rights of the pedestrian to that of the motorist. To discard respondent's testimony that he looked, because of the assumption that if he looked he would have seen appellant's automobile, fully lighted, approaching at a moderate rate of speed on the west-bound track and that he would have been able, with the exercise of ordinary care, to avoid being struck, would simply be to discard respondent's testimony and accept the appellant's. We have only the testimony of the appellant for the manner of the approach of his automobile. We cannot say as a matter of law that a pedestrian who is run over by an automobile in the street without first seeing it is guilty of contributory negligence.

Complaint is made of the first sentence of instruction No. XXXII. This instruction began as follows: "There is no positive duty to stop, look and listen when a pedestrian is about to cross a city street. (1) The law is that neither the pedestrian nor the automobile has a superior right of way, and that each is entitled to use the highway, and that the conduct of both must be regulated with reference to this fundamental rule. . . . " Appellant

says: "It is entirely superfluous to any possible issue, and should not have been given. If superfluity were its only fault the giving of it might possibly not be ground for reversal, but it contains the additional fault of conveying to the jury the idea that there was no duty on Jones to either look *or* listen *or* to use the senses that he had to discover the approach of danger."

The sentence was not a necessary part of the instructions in this case. However, we do not agree with appellant that this sentence, taken in connection with the sentence immediately following it, could have misled the jury. The court stated that there was no positive duty to stop, look *and* listen. This is not the same as stating that a pedestrian need never do any one of these three things. Moreover, in instruction No. LIII the court affirmatively instructed that it was respondent's duty to look before entering the street, to continue to look, to look to right and to left and to continue so to do. Instruction No. XXXII does not even technically conflict with instruction No. LIII unless we change the wording of the former. The instruction complained of was not reversible error in this case.

The judgment is affirmed.

Sturtevant, J., and Nourse, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 28, 1930, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 3, 1930.

All the Justices present concurred.